IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LOUIS DRETCHEN                                                                PLAINTIFF

VS.                              CIVIL ACTION NO. 4:08cv5-TSL-LRA

ALLAN PHARMACEUTICAL, LLC                              DEFENDANTS

**<u>ORDER</u>**

This cause came before the Court for telephonic hearing on September 4, 2009, on Plaintiff's Motion for Leave to Amend Complaint [#78], and Defendant's Motion to Compel [#82], supplemented by Defendant's Amended Motion to Compel [#89]. The Court has also reconsidered the deadlines and trial setting in this case. After hearing argument of counsel, and in consideration of the memorandum and applicable law, the Court finds as follows.

The request to amend the Complaint is untimely, as the deadline for amending pleadings expired on June 17, 2008. Plaintiff quotes Federal Rule of Civil Procedure 15(a)(2) as authority for the late amendment, that leave to amend "shall be freely given when justice so requires." This rule does not apply once a scheduling order has been entered. Amendments made after the scheduling order deadline are controlled by Rule 16(b). *S&W Enterprises v. Southtrust Bank*, 315 F.3d 533, 535-36 (5th Cir. 2003). In *S&W Enterprises*, the court held that once a scheduling order has been entered by the court, Rule 16(b) controls and requires that a scheduling order "shall not be modified except upon a showing of good cause . . . ." *Id.*

1

In determining whether good cause is shown, *S&W Enterprises* sets forth a four-part test, requiring the court to consider "(1) the explanation for the failure to [timely move for leave to amend] (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536, quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

The Court has considered the four-part test in the instant case and finds that the motion to amend should be denied. Plaintiff's explanation for the late request is insufficient. He contends that he has learned through discovery that Defendant has sold some of its assets; he is concerned about having a Defendant in the case who could finance a Judgment against the current Defendant. Plaintiff knew the legal configuration of these companies at least during the hearing in the New York federal court on January 18, 2008, on the motion to transfer venue to this Court. The court at that hearing stated that Defendant was a "wholly owned subsidiary of Allan Holding, LLC, a Mississippi corporation comprised of three entities: ProDerma, LLC; Pharma Pac, LLC; and, Allan Pharmaceutical, LLC. Document 87-3, page 8. Plaintiff could certainly have added these additional Defendants at that time.

The remaining factors also are resolved against allowing the amendment at this late date. These additional parties may be sued in a separate suit, so the importance of the amendment is not crucial. Further, if liability is established against this Defendant, and the Judgment cannot be satisfied, Plaintiff may seek to pierce the corporate veil at that time in his efforts to collect on any Judgment. Furthermore, there *is* prejudice to the

2

current Defendant, as allowing the additional parties will delay the suit and cause Defendant to incur more costs. A completely new issue will be raised: whether or not the corporate veil may be pierced if liability is established. The current Defendant is entitled to continue in this litigation without defending additional issues or incurring additional discovery expenses. For all these reasons, the motion to amend shall be denied.

Also heard by the Court was Defendant's Motion to Compel [#82], replaced by Defendant's Amended Motion to Compel [#89]. The only issues which remained after the amended motion included Requests for Production Nos. 2, 8, and 17, along with Interrogatory No. 3. Having considered the issues in controversy as set forth in the pleadings, as well as argument of counsel, the Court finds that the motion is well advised and it is hereby GRANTED.

In Request No. 2, Plaintiff was requested to produce all documents supporting his damages. Although he at one time stated that he had numerous such documents, he now cannot find them. Plaintiff shall be given a period of time to make a diligent search and inquiry to find or obtain such documents from other sources. Thereafter, Plaintiff shall execute a sworn affidavit setting forth the attempts he has made to locate the documents he has referred to earlier. After that period of time, he will be barred from producing additional documents which may support his claims for damages. No supplementation will be allowed unless extreme circumstances justify late production.     As to Request No. 8, Plaintiff was asked to produce all documents regarding his work for Breckenridge Pharmaceutical, Inc. The Court finds this request reasonably related to the issues in this lawsuit and rejects Plaintiff's objections to the discovery. Plaintiff shall again make a

3

reasonable search and inquiry to locate such documents and certify as to the steps he has taken to do so. Thereafter, he shall produce all such documents, whether or not they have already been produced by Breckenridge via subpoena.

As to Request No. 17, Plaintiff was asked to produce any documents reflecting any income earned by him, from whatever source, from and after June 1, 2005, to the present. Plaintiff made several objections to the request and produced his 2005-2007 tax returns and reserved the right to supplement. Defendant requests documents which reflect the **sources** of his income for that period, including W-2s, all schedules, 1099s, and supporting documentation showing the scope of his income. The Court finds this request to be reasonable, and Plaintiff is ordered to produce such information. If his accountant maintains these records, then he must obtain them from his accountant and produce them.

In Interrogatory No. 3, Defendant requested Plaintiff to list and describe each and every element of damage claimed, and with respect to each, state the amount claimed, the manner of calculation, and the basis upon which each element of damage is claimed. Plaintiff has given a general list of damages but refuses to explain what calculations he used. Specifically, Defendant asks if the calculations are based upon a calendar year basis or a contract year basis. Additionally, Plaintiff refuses to state whether or not he seeks an ownership interest in Defendant or damages that would represent the value of such an ownership interest; if an ownership interest, then the percentage claimed. Defendant is entitled to this information, and Plaintiff is directed to provide a complete

calculation. If he fails to do so, he shall not be allowed to use any additional evidence pertaining to damages unless extreme circumstances justify the late evidence.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Amend Complaint [#78] is **denied.**

2. Defendant's Motion to Compel [#82] is dismissed as moot.

3. Defendant's Amended Motion to Compel [#89] is **granted** as set forth below; Plaintiff's objections to the discovery requests contained therein are overruled.

4. On or before October 15, 2009, Plaintiff is to make a diligent search and inquiry to locate and/or obtain responsive documents to Request Nos. 2, 8, and 17. On or before that date, Plaintiff is to supplement the discovery requests and to execute a sworn statement describing in detail the efforts he made to find responsive documents. Thereafter, Plaintiff shall be barred from supplementing unless exigent circumstances exist.

5. As to Interrogatory No. 3, Plaintiff is ordered to fully respond in the manner set forth in the motion on or before October 15, 2009, or he will be barred from presenting any additional proof of his damages.

6. The deadlines in this case are amended, and the trial continued, as set forth hereinafter. Discovery in this case is extended until November 25, 2009.

7. The motion deadline is extended until December 14, 2009.

8. The pretrial is rescheduled before Judge Lee on March 15, 2010.

9. The trial of this case is continued until Judge Lee's trial calendar commencing on April 5, 2010, and ending on April 16, 2010.

SO ORDERED, this the 22nd day of September, 2009.


                                                                /s/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE