UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LOUIS DRETCHEN                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 4:08CV5TSL-JCS

ALLAN PHARMACEUTICAL, LLC                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Allan Pharmaceutical, LLC for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and on the motion of plaintiff Louis Dretchen for summary judgment. Each party has responded to the other's motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Allan's motion is well taken as to Dretchen's claim under the New York labor laws but is otherwise due to be denied. The court further concludes that Dretchen's motion should be denied.

Allan Pharmaceuticals, LLC (Allan), established in 2005, is in the business of developing and marketing pharmaceutical products. Dretchen was employed by Allan as Executive Vice-President of Sales and Marketing for nearly two years, from June 2005 until March 23, 2007, when his employment was terminated. Following his termination, Dretchen brought the present action

against Allan, alleging claims for breach of contract, conversion, quantum meruit and unjust enrichment arising from his employment and ultimate termination.[1] Dretchen maintains that during his employment, he performed the services required by his employment agreement with Allan, yet Allan failed and refused to pay his earned commissions or to provide stock options due him under the contract, all of which he seeks to recover herein. In addition, Dretchen alleges that his employment was terminated "without cause" and that Allan is thus obligated under the terms of the contract for the salary and benefits he would have received for the duration of the contract term. Finally, Dretchen seeks a declaratory judgment that because he was terminated "without cause," the covenant not to compete in the contract is not enforceable against him.

Allan has asserted a counterclaim against Dretchen, claiming that, in fact, not only did it have cause to terminate Drecthen's employment, but that the contract is void or voidable because Dretchen, prior to becoming employed by Allan, misrepresented his background, qualifications and experience, in that he had been convicted of a felony prior to becoming employed by Allan, which

---

[1] This action was originally brought by Dretchen in state court in New York in October 2007. Allan removed the case to the United States District Court for the Southern District of New York on the basis of diversity jurisdiction, and the case was subsequently transferred to this court on a motion by Allan pursuant to 28 U.S.C. § 1404(a).

he failed to disclose; he had lost his pharmacist's license in New York as a result of his wrongful conduct, which he also failed to disclose; and that because of the termination of his pharmacist's license, he had been placed on the Excluded Party List System (EPLS), which barred him from participating in the Medicare and Medicaid programs, which he also failed to disclose. Allan further charges that during his employment with Allan, Dretchen breached his employment agreement by working for other companies in competition with Allan, and by seeking and obtaining expense reimbursements from Allan to which he was not entitled. And, it alleges that following his termination, Dretchen violated the terms of a no-compete provision in the contract by working for competitors of Allan. Allan thus seeks a declaratory judgment that (1) the subject employment agreement is void or voidable at Allan's election; (2) Drecthen is entitled to no further compensation under the contract; and (3) Drecthcn is entitled to no stock options or ownership interest in Allan.

In its motion for partial summary judgment, Allan argues that while there are genuine issues of material fact regarding Dretchen's claim for earned commissions and stock options under the contract for the services he performed prior to his termination, it is clear from the undisputed evidence of record that Allan had sufficient grounds to terminate Dretchen "for cause" and that consequently, it is entitled to summary judgment

3

on Dretchen's claim for post-termination compensation and benefits alleged to be due him.  In addition, Allan seeks summary judgment on Dretchen's claim for damages under New York labor laws on the basis that under the terms of the parties' agreement, Dretchen's claims are governed by Mississippi law, not New York law.

In his own summary judgment motion, Dretchen maintains that under the terms of his employment agreement, as construed according to governing contract interpretation standards, it can only reasonably be concluded that Allan had no "cause" for his termination, and that therefore, he was terminated "without cause," as a result of which he is entitled to recover, at a minimum, his base salary and health insurance benefits through June 2011, the date the contract would have ended if not for Allan's breach.  He also claims that because the agreement was terminated without cause, then as a matter of law, the no-compete provision in the agreement is unenforceable.  Dretchen further argues that Allan breached the agreement by failing to provide written notice of termination, as required by the express terms of the agreement.  Additionally, Dretchen insists that Allan's admitted failure to pay his commissions, reimburse his expenses and provide him with stock options earned under the contract prior to the date of termination entitle him to summary judgment on his claim for compensation and benefits accrued through the date of termination.  Dretchen alleges that this failure to pay his earned

4

commissions also violates article six of the New York labor laws, which entitles him to recover not only the unpaid commissions but also attorney fees, as well as an additional amount equal to twenty-five percent of the unpaid wages since Allan's failure to pay owed commissions was willful. He argues, alternatively, that in the event Mississippi law, rather than New York law, is found applicable, then as a matter of law, he is entitled to triple commissions and reasonable attorney fees and costs under Mississippi Code Annotated § 75-87-5. As another alternative, Dretchen contends that in the event the contract is found unenforceable because it was entered into fraudulently, then he is entitled to recover for his pre-termination services to Allan on a theory of quantum meruit.

    The court, having carefully considered the parties' evidence and arguments on the various issues presented, finds and concludes as follows. First, in the court's opinion, there are genuine issues of material fact on the question whether Allan had cause for Dretchen's termination. It appears undisputed that, while it was not a specific qualification of his employment with Allan, Dretchen represented to Allan that he was a registered pharmacist and in his work for Allan, held himself out to Allan and others as a registered pharmacist. And, Allan claims at the time it terminated Dretchen's employment, it had undertaken an investigation which revealed that Dretchen was not a registered

pharmacist in any state. It submits, therefore, that it had (or rightfully believed it had) cause to terminate Dretchen under the agreement, which defines "for cause" to mean, *inter alia*, "executive has committed any act of fraud ... [or] corrupt practice...." However, it is undisputed that Dretchen was, in fact, a registered pharmacist in one state, and that his representation in that regard was not false.[2] Notwithstanding this, Allan argues that Dretchen lied to Allan about the reason he got out of the pharmacy business in that he failed to disclose, and hence concealed the fact that he closed his pharmacy business because his New York pharmacist's license had been terminated. In the court's opinion, whether Dretchen's actions can fairly be found to constitute fraud, or a "corrupt practice," is an issue that cannot be decided on a summary judgment motion.

Allan also offers as a basis for his termination the fact that Dretchen had been convicted of a felony, grand larceny, in 1991, fourteen years prior to becoming employed by Allan. Allan

---

[2] As it turns out, Allan's information was incorrect, as Dretchen was a registered pharmacist in Connecticut. In its motion, Allan points out that in its meeting with Dretchen to discuss the reasons for his termination, Dretchen did not correct Allan's misinformation but rather allowed Allan to remain under the impression that he was not a registered pharmacist. Allan argues that as a result of his actions in this regard, Dretchen should be held equitably estopped from challenging Allan's position that he was terminated, in part, because he represented he was a registered pharmacist when, in fact, he was not. In the court's opinion, this issue cannot be decided via summary judgment.

6

submits this is clear "cause" for termination under the agreement, which defines "for cause" to include, *inter alia*, "Executive has been convicted of a felony, any other crime involving fraud, dishonesty or moral turpitude...."  In the court's opinion, however, considering the agreement as a whole, and this provision in context, the agreement is ambiguous as to the temporal scope of felony convictions to which it extends.[3]  For these reasons, the court concludes that Allan is not entitled to summary judgment on the question whether Dretchen was terminated for cause.  By the same token, neither is Dretchen entitled to summary judgment on his claim for post-termination compensation and benefits or his claim for a declaratory judgment that the no-compete agreement is inapplicable to him, which claims are based on his contention that he was terminated without cause.

Dretchen's claim that he is entitled to summary judgment on his claim that Allan breached the contract by failing to provide written notice of his termination is without merit.  First, Allan has presented evidence that Dretchen was sent a written notice, but even if no such written notice was given, the contract does not provide that the contract can only be terminated by written notice, and even if it did, the requirement was subject to waiver,

---

[3] It also now appears that Dretchen had pled guilty to (and hence had convictions for) two other offenses, which Allan, though unaware of these convictions at the time of Dretchen's termination, asserts would have provided cause for termination. This issue, too, must be reserved for trial.

see Canizaro v. Mobile Communications Corp. 655 So. 2d 25, 29 (Miss. 1995), and/or could be excused, so long as its occurrence was not a material part of the agreement, see Restatement (Second) of Contracts §229 (providing that a "court may excuse the non-occurrence of a condition that would cause a disproportionate forfeiture unless its occurrence was a material part of the agreement); Babst v. FMC Corp., 661 F. Supp. 82 (S.D. Miss. 1986) (predicting Mississippi Supreme Court would follow Restatement).

The court must also reject Dretchen's further argument that he is entitled to summary judgment on his claim(s) for earned commissions, expenses and stock options for services he performed for Allan prior to his termination. Regardless of the theory on which such claims are made, whether it be contractual, statutory or on a quantum meruit theory, the fact is, Dretchen has brought a counterclaim in this cause, taking the position that Dretchen has no right to any pre-termination compensation or benefits on account of his having breached his employment agreement by working for other companies in competition with Allan (both before and after termination of the agreement), and by seeking and obtaining expense reimbursements from Allan to which he was not entitled. Allan specifically alleges in its counterclaim that for these reasons, Drecthen is entitled to no further compensation of any sort under the contract. Thus, while Allan apparently does not deny that Dretchen performed services for which he would otherwise

be entitled to compensation under the terms of his contract,[4] Allan maintains that the cited circumstances preclude any recovery on Dretchen's claim for pre-termination compensation/benefits, and that the presence of this issue precludes summary judgment. The court agrees, and accordingly, will deny Dretchen's motion for summary judgment.

Allan has moved for summary judgment on the cause of action asserted by Dretchen under article six of the New York labor laws for recovery of pretermination compensation, together with attorney fees and liquidated damages. Allan seeks summary judgment on this claim based on a choice of law provision in the parties' contract, which states:

> Governing Law. This Agreement is made and entered into in the State of Mississippi. This agreement shall be governed by and construed in accordance with the internal laws of the State of Mississippi, without regard to its conflict of law principles.

---

[4] In addition to, or as an alternative to his claim for compensation under the contract, Dretchen asserts he is entitled to recover for his services under the New York labor laws, or pursuant to Mississippi Code Annotated § 75-87-1, and/or on a quantum meruit theory. Allan denies Dretchen is entitled to recover any amount under any theory. It has sought summary judgment on Dretchen's claim for recovery under New York law, which is addressed in the text. It further argues in response to Dretchen's motion that Dretchen has not pled a claim for relief under Mississippi Code Annotated § 75-87-1 and that this statute is inapplicable in any event. The court has reviewed Dretchen's pleadings and finds neither mention nor suggestion of any claim for recovery based on any Mississippi statute. Allan also argues that Dretchen cannot recover in quantum meruit, since his claim for recovery under the contract is inconsistent with a quantum meruit theory of recovery. However, it is permissible to plead quantum meruit as an alternate theory of recovery.

A choice of law provision such as this is enforceable according to its terms, so long as the state whose law is selected bears a reasonable relation to the parties' dispute. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 51 (2d Cir. 2004) ("[W]here the parties have chosen the governing body of law, honoring their choice is necessary to ensure uniform interpretation and enforcement of that agreement and to avoid forum shopping."); Finucane v. Interior Constr. Corp., 264 A.D.2d 618, 620, 695 N.Y.S.2d 322 (1st Dep't 1999) (holding that New York enforces choice-of-law provisions provided that "(a) the law of the State selected has a reasonable relation[ship] to the agreement ... and (b) the law chosen does not violate a fundamental public policy of New York") (citations and quotation omitted); Kiefer v. Harris, 1997 WL 574862, 2 (5th Cir. 1997) ("Under Mississippi choice of law principles, a choice of law provision in a contract will govern if the state law selected bears a reasonable relation to the object of the contract.") (citing Sorrels Steel Co., Inc. v. Great Southwest Corp., 906 F.2d 158, 167 (5th Cir. 1990)). Despite Allan's suggestions to the contrary, Mississippi unquestionably bears the requisite relation to the parties' dispute and therefore, Dretchen's claim that he is entitled to compensation according to New York law for services performed under his contract with Allan is untenable.

Based on the foregoing, it is ordered that Allan's motion is granted as to Dretchen's New York law claim but is otherwise denied. It is further ordered that Dretchen's motion for summary judgment is denied.

SO ORDERED this 15th day of January, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE